IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKAL CALVERT DAMU ALLEN, | No. CIV S-09-0950-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| GEORGE DERIEG, et al., | |
| Defendants. | |
| _____/ | |

  Plaintiff, a state prisoner proceeding pro se, has initiated this action by filing a complaint apparently alleging breach of contract and misrepresentation of counsel, against his defense attorney and the Solano County Public Defender's office, requesting damages. Plaintiff has used a Judicial Council of California form to initiate this action. It therefore is not clear exactly how Plaintiff intends to proceed. The Clerk of the Court opened this action as a petition for writ of habeas corpus as he appears to be claiming ineffective assistance of counsel. However, Plaintiff has used a form complaint, not a petition, and is requesting damages.

  While the court expresses no opinion on the merits of such an action, nor whether such an action is appropriate, it appears Plaintiff is attempting to file a civil rights action against his defense attorney. As such, the Clerk of the Court will be directed to re-designate this as a

civil rights case.

In addition, Plaintiff has filed an application to proceed in forma pauperis (Doc. 2). Plaintiff has not, however, filed a complete application to proceed in forma pauperis, along with a certified copy[1] of his trust account statement for the six-month period immediately preceding the filing of the complaint, or paid the required filing fee. See 28 U.S.C. §§ 1914(a), 1915(a), (a)(2). Plaintiff will be provided the opportunity to submit either a completed application to proceed in forma pauperis or the appropriate filing fee. Plaintiff is warned that failure to resolve the fee status of this case within the time provided may result in the dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 11-110.

Once Plaintiff resolves the fee status of this case, the court will examine his complaint and make a determination whether it states a cognizable claim. See 28 U.S.C. § 1915(A) (requiring the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity).

Accordingly, IT IS HEREBY ORDERED that:

1. Clerk of the Court is directed to re-designate this as a civil rights case;

2. Plaintiff shall submit on the form provided by the Clerk of the Court, within 30 days from the date of this order, a complete application for leave to proceed in forma pauperis, with the required certified copy of his trust account statement, or the appropriate filing fee; and

/ / /

/ / /

/ / /

---

[1] Plaintiff again used a Judicial Counsel of California form as his request to proceed in forma pauperis. He also provided the court with a print out of his inmate trust account. However, the trust account statement is not a certified copy as required by 28 U.S.C. § 1915(a)(2).

3. The Clerk of the Court is directed to send plaintiff a new form Application to Proceed In Forma Pauperis By a Prisoner.

DATED: July 27, 2009

　　　　　　　　　　　　　　　　　　　　　　　
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE