IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKAL CALVERT DAMU ALLEN, | No. CIV S-09-0950-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| GEORGE DERIEG, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, a state prisoner proceeding pro se, brings this civil action, which has been designated as an action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

On July 28, 2009, the court directed plaintiff to submit either a completed application for leave to proceed in forma pauperis or the full filing fee for this action within 30 days. Plaintiff was warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 11-110. As of October 15, 2009, plaintiff had not submitted either a completed application nor the filing fee. The court then ordered plaintiff to show cause in writing, within 30 days, why this action should

1

not be dismissed for failure to resolve fees and keep the court informed of his current address. Plaintiff was again warned that failure to respond to the order may result in dismissal of the action.  See id. To date, plaintiff has failed to comply or respond to any of the court's orders.[1]  In light of plaintiff's failure to resolve the fee status for this case as directed, keep the court informed of his current address, and respond to court orders, the court finds that dismissal of this action is appropriate.

Accordingly, IT IS HEREBY ORDERED that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

DATED:  November 18, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1]  It appears from the docket that the prior orders were returned as undeliverable, indicating plaintiff is no longer in custody and/or refused, unable to forward, However, plaintiff was properly served.  It is the responsibility of the parties to keep the court apprised of their address of record at all times.  Pursuant to Local Rule 83-182(d), service of documents at the record address of the party is fully effective.

2